WILLIS, BEN C. (Ret.), Associate Judge.
Appellant, Louise Peck, appeals from the September 25, 1984 order of Hearing Officer Morris Zamboca affirming the action of HRS in removing appellant’s son from her AFDC grant because he does not qualify as temporarily absent. We affirm.
Arch Peck, the son of appellant, was adjudicated dependent by Juvenile Division of Circuit Court of Escambia County and placed in the Florida House Program, a halfway house. The order of the court specifically stated that Arch Peck’s placement was temporary and did not relieve appellant of any responsibility for him. HRS determined that appellant was entitled to AFDC benefits for Arch Peck even during this “temporary absence.” Arch Peck ran away from the halfway house and committed delinquent acts. He was placed in community control conditioned upon his being accepted and completing a program at Camp E-Ma-Chamee. Appellant was required to maintain a home for Arch on his four day visits during camp break, once every six weeks, to maintain health insurance, and to cooperate fully with the camp program.
HRS determined that Arch Peck no longer met the “temporary absence” criteria because of his court ordered absence. They removed him from appellant’s AFDC grant. She requested a hearing. In addition to the above, there was testimony at the hearing that appellant is responsible for Arch Peck’s clothing, and personal belongings while he is at camp, and she is responsible for providing him a home during his breaks, and money when he comes home. The hearing officer found that HRS had properly denied benefits since Arch Peck’s absence was court ordered and did not qualify as a temporary absence under Fla.Admin.Code IOC-1.94 (1984).
Appellant raises several issues relating to the state and federal regulations governing the AFDC program. First, she contends that the Florida Administrative Code regulation relied on in denying benefits is more restrictive and therefore in conflict with the federal enabling legislation and federal regulations authorizing the AFDC program. Namely, she contends that Fla.Admin.Code IOC-1.94 (1984) is in conflict with 45 CFR § 233.90(c)(l)(V)(B). She argues that the federal regulation contemplates a circumstance where legal custody of the child may be placed in an agency and yet the parent is still entitled'to AFDC benefits; but that under the Florida regulation any court ordered absence of the child automatically removes the child from the parent or relative’s AFDC grant. We disagree with appellant’s argument and hold that the Florida regulation as interpreted by HRS is consistent with federal regulations. An examination of the federal regulations and policies surrounding the AFDC program is instructive. The purpose of the Aid to Families with Dependent Children program is to encourage:
The care of dependent children in their own homes or in the homes of relatives by enabling each state to furnish financial assistance and rehabilitation and other services ... to needy independent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capacity for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection....
42 U.S.C.S. § 601. The regulations further provide “a home exists so long as the relative exercises responsibility for the care and control of the child, even though either child or relative is temporarily absent from the customary family setting.” 42 U.S.C.S. § 606. A child may be considered living with the relative although he is under the *929 protective supervision of the court and although “legal custody is held by an agency that does not have physical possession of the child.” Id. Although the Florida regulations allow eligibility for children who are “temporarily absent,” they make the following exception: “a child who is temporarily absent due either to commitment by a court or court order, or whose custody has been given by a court to a special facility, prison, training school, foster home, etc., does not meet temporary absence criteria.” Fla.Admin.Code IOC-1.94 (1984). As does the Florida regulation, the federal regulation contemplates a custodial circumstance where the relative exercises “care and control” of the child but also recognizes temporary absences. The Florida Administrative Code merely sets out specific guidelines to enable HRS to follow the policies of the federal rules. As can be seen in the present case, HRS is not applying the regulations in a draconian manner. Arch Peck was not removed from his mother’s AFDC grant during the period of time he was in the halfway house. At that point the appellant still maintained responsibility for “care and control” of the child. It was only after the child was placed in Camp E-Ma-Chamee, that he was removed from the appellant’s AFDC grant. Testimony adduced at the hearing showed that the child might be in Camp E-Ma-Chamee for 6 months or longer. Although the mother is required to provide a home for Arch Peck 4 days out of every 6 weeks and provide an insurance policy on his health, we hold that this is not sufficient “care and control” to qualify him for an AFDC grant under both Federal and Florida regulations. At such time as primary responsibility for Arch Peck is returned to appellant, she may again be eligible for AFDC benefits.
Appellant’s second argument is that even if the Florida regulations are considered to be consistent with federal regulations, Arch Peck should be considered “temporarily absent.” She asserts that Arch Peck has entered Camp E-Ma-Chamee voluntarily so that the prohibition on the eligibility of children placed in foster schools or other special institutions by court order does not apply. The record simply does not support this contention. Appellant testified at the hearing that if Arch Peck were to leave Camp E-Ma-Cha-mee he would be incarcerated. Under such circumstances, his term at Camp E-Ma-Cha-mee is not voluntary. Arch Peck’s volun-tariness is not alone dispositive of appellant’s eligibility for AFDC benefits. The issue under the state regulation is the same as that under the federal regulation, namely whether the appellant maintains responsibility for care and control of Arch Peck. Where the child is away from home for 6 months or more, and where the appellant provides only minimal support for the child, we cannot say that she meets the requirements of eligibility for an AFDC grant. The order of the hearing officer is therefore affirmed.
AFFIRMED.
BOOTH, C.J., and ZEHMER, J., concur.